831 F.2d 1064
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. MITCHELL, Jr., On behalf of himself & all others
similarly situated, Plaintiff-Appellant, Cross-Appellee,
v.
ASSOCIATED BUILDING CONTRACTORS OF NORTHWESTERN OHIO, INC.,
et al., Defendants-Appellees.
Rudolph-Libbe Inc., Defendant-Appellee, Cross-Appellant.
 Nos. 87-3747, 87-3779.
 United States Court of Appeals, Sixth Circuit.
 Nov. 2, 1987.
 
 Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals from an order entering judgment for the defendant Barton-Tattersall, Inc. and from a subsequent order modifying the jury's award against the remaining defendant, Rudolf/Libbe, Inc., in this racial discrimination in employment action brought under 42 U.S.C. Sec. 1981. Rudolf/Libbe has cross-appealed from those same orders, but now moves to dismiss on grounds that there is no final decision for purposes of 28 U.S.C. Sec. 1291. Additionally, Barton-Tattersall moves to dismiss on grounds that the plaintiff failed to filed a timely notice of appeal. The plaintiff has responded in opposition to the motion.
 
 
 2
 On April 22, 1987, the district court entered judgment for the defendant Barton-Tattersall but awarded the plaintiff compensatory and punitive damages from the defendant Rudolf/Libbe. Rudolf/Libbe served and filed motions for judgment notwithstanding the verdict and for a new trial on April 23, 1987. By order dated June 25, 1987, the court granted Rudolf/Libbe's motion for judgment notwithstanding the verdict as to the punitive damages and provided that if the judgment n.o.v. is reversed on appeal, Rudolf/Libbe's alternative motion for a new trial of that issue is granted. Further, the court granted the motion for a new trial unless the plaintiff accepted a remittitur of the compensatory damages within thirty (30) days thereafter. On the twenty-ninth (29th) day after entry of the order the plaintiff filed a notice of appeal.
 
 
 3
 Because the new trial motion was granted, the amount of compensatory damages to be awarded is undetermined. Absent certification for interlocutory review under 28 U.S.C. Sec. 1292(b) or Rule 54(b), Federal Rules of Civil Procedure, an order leaving the amount of damages to be awarded undetermined is not a final, appealable order under 28 U.S.C. Sec. 1291. See Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd., 535 F.2d 758 (3rd Cir.1976) and the cases cited therein. The instant order was neither final nor certified for interlocutory review. Consequently, the appeal and the cross-appeal from the order granting Rudolf/Libbe's motions must be dismissed. Further, the plaintiff's appeal from the order entering judgment for Barton-Tattersall may not remain before this Court. Under Rule 54(b), Federal Rules of Civil Procedure, an order entering judgment for less than all defendants is nonappealable. William B. Tanner Co. v. United States, 575 F.2d 101 (6th Cir.1978) (per curiam). Therefore, the appeals must be dismissed for lack of appellate jurisdiction. Accordingly,
 
 
 4
 It is ORDERED that Rudolf/Libbe's motion to dismiss is granted. Barton-Tattersall's motion to dismiss is denied as moot.